UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Amar Gueye,
    Plaintiff

vs                                    Case No. 1:08-cv-334-SSB-TSH
                                        (Beckwith, Sr. J.; Hogan, M. J.)

Media Bridges, et. al.,
    Defendants

## REPORT AND RECOMMENDATION

This matter is before the Court on the summary judgment motion filed by defendants Media Bridges, Tom Bishop, Keith Gilbert and Leon Montgomery, (the Media Bridges defendants), (Doc. 35), pro se plaintiff Gueye's memorandum in opposition (Doc. 36), and defendants' reply (Doc. 37). For the reasons set forth more fully below, this Court recommends that the summary judgment motion by the Media Bridges defendants be granted.

Pro se plaintiff Gueye, a resident of Cincinnati, Ohio, initiated this action with the filing of a motion for leave to proceed *in forma pauperis* and a copy of his complaint on May 14, 2008. (Doc. 1). Plaintiff brought this action against defendants Media Bridges, the Federal Communications Commissioners, the City of Cincinnati, the Greater Cincinnati Foundation, and Fifth Third Bank alleging a violation of his rights under the First Amendment, 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, 5 U.S.C. § 552, and 47 C.F.R. §§ 0.453, 0.465, and 0.463. This Court granted plaintiff leave to proceed *in forma pauperis* and plaintiff's

complaint was filed on May 29, 2008. (Docs. 6, 7). By separate order that same date, pursuant to 28 U.S.C. § 1915(e)(2)(B), the District Court dismissed plaintiff's complaint in its entirety. (Doc. 8). On appeal, the Sixth Circuit affirmed the dismissal order ,except for plaintiff's claim under 42 U.S.C. § 1981, and remanded the case for further proceedings. Accordingly, the only claim remaining before this Court is plaintiff's discrimination claim brought pursuant to 42 U.S.C. § 1981.

The Media Bridges defendants contend that summary judgment in their favor is appropriate because plaintiff has failed to present evidence in support of his § 1981 claim. Specifically, defendants contend that plaintiff has failed to demonstrate that the Media Bridges defendants intended to discriminate against him based on his race, or that they interfered with his right to make or enforce a contract, or any other enumerated rights under 42 U.S.C. § 1981. In support of their motion, the Media Bridges defendants submitted the affidavit of Tom Bishop. (Doc. 35, Attachment 1, Ex. A).

In response, plaintiff filed a five page memorandum that includes a series of questions, legal arguments, and plaintiff's recitation of facts and allegations. However, plaintiff's response was not verified and does not include any evidentiary materials.

A motion for summary judgment should be granted if the evidence submitted to the court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323.

2

A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law.

In response to a summary judgment motion properly supported by evidence, the non-moving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989). Conclusory allegations, however, are not sufficient to defeat a properly supported summary judgment motion. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990). The non-moving party must designate those portions of the record with enough specificity that the Court can readily identify those facts upon which the non-moving party relies. *Karnes v. Runyon*, 912 F. Supp. 280, 283 (S.D. Ohio 1995)(Spiegel, J.). The party opposing the summary judgment motion must "do more than simply show that there is some 'metaphysical doubt as to the material facts.'." *Pierce v. Commonwealth Life Ins. Co.*, 40 F.3d 796, 800 (6th Cir.1994) (quoting *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Thus, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. at 252.

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson,* 477 U.S. at 249-50. In so doing, the trial court does not have a duty to search the entire record to establish that there is no material issue of fact. *Karnes,* 912 F. Supp. at 283. *See also Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479-80

(6th Cir. 1989); *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988). The inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 249-50. If, after an appropriate time for discovery, the opposing party is unable to demonstrate a *prima facie* case, summary judgment is warranted. *Street*, 886 F.2d at 1478 (citing *Celotex* and *Anderson*). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric*, 475 U.S. at 587.

In order to maintain a claim for relief under 42 U.S.C. § 1981, plaintiff must prove that: (1) he is a member of an identifiable class of persons who are subject to discrimination based on their race; (2) the defendant intended to discriminate against him on the basis of race; and (3) the defendant' discriminatory conduct concerned one or more of the rights enumerated in § 1981 (i.e, the right to make and enforce contracts; sue and be sued; give evidence, etc.). *Amini v. Oberlin College*, 440 F.3d 350, 358 (6th Cir. 2006); *Christian v. Wal-Mart Stores, Inc.*, 252 F.3d 862, 867-68 (6th Cir. 2001).

In the present case, the Media Bridges defendants concede that plaintiff is a member of an identifiable class of persons subject to discrimination based on race. However, defendants argue that plaintiff has failed to present any evidence in support of the allegation that the Media Bridges defendants intended to discriminate against plaintiff based on his race or that their conduct abridged his right to make or enforce contracts, or any other right enumerated in Section 1981. This Court agrees. Plaintiff has failed to cite the Court to any evidence in support of the second and third elements of a § 1981 claim. *Amini*, 440 F.3d at 358. Conclusory allegations,

4

speculation, and conspiracy theories set forth in plaintiff's responsive memorandum are not sufficient to overcome a summary judgment motion. *Bell v. Ohio State Univ.*, 351 F.3d 240, 253 (6th Cir. 2003); *McDonald*, 898 F.2d at 1162. There is no evidence that plaintiff had, or would have had, rights under an existing or proposed contract with any of the Media Bridges defendants. Plaintiff's bald assertion that the Statement of Compliance he signed constitutes a contract is not evidence to support his claim. *See Domino's Pizza v. McDonald*, 546 U.S. 470, 476 (2006).

**IT IS THEREFORE RECOMMENDED THAT**: the Media Bridges defendants' summary judgment motion (Doc. 35) be GRANTED.

*[signature]*
Timothy S. Hogan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Amar Gueye,
    Plaintiff

vs                                 Case No. 1:08-cv-334-SSB-TSH
                                     (Beckwith, Sr. J.; Hogan, M. J.)

Media Bridges, et. al.,
    Defendants

## NOTICE TO THE PARTIES REGARDING THE FILING OF
## OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), within fourteen (14) days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Amar Gueye
799 E. McMillan
#104
Cincinnati, OH 45206

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☑ Agent
☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☑ Certified Mail  ☐ Express Mail
   ☐ Registered      ☐ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number (Transfer from service label)

7002 3150 0000 8389 8411

PS Form 3811, August 2001   Domestic Return Receipt   102595-02-M-1540

1:08cv334 (Doc.38)