UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Amar Gueye,
    Plaintiff

vs                                  Case No. 1:08-cv-334-SSB-TSH
                                  (Beckwith, Sr. J.; Hogan, M. J.)

Media Bridges, et. al.,
    Defendants

REPORT AND RECOMMENDATION
and
ORDER

This matter is before the Court on the motion to dismiss filed by defendant the Greater Cincinnati Foundation, (GCF), (Doc. 21), pro se plaintiff Gueye's memorandum in opposition (Doc. 23), defendant GCF's reply (Doc. 28), and plaintiff's supplemental responses. (Docs. 32, 33). Also before the Court is plaintiff's motion to amend/correct the Certificate of Service attached to plaintiff's memorandum in opposition to defendant GCF's motion to dismiss. (Doc. 24). Plaintiff's motion to amend/correct the Certificate of Service is unopposed and will be granted. For the reasons set forth more fully below, this Court recommends that defendant GCF's motion to dismiss be granted and that it be dismissed as a party defendant from this action.

Pro se plaintiff Gueye, a resident of Cincinnati, Ohio, initiated this action with the filing of a motion for leave to proceed *in forma pauperis* and a copy of his

defendants Media Bridges, the Federal Communications Commissioners, the City of Cincinnati, the Greater Cincinnati Foundation, and Fifth Third Bank alleging a violation of his rights under the First Amendment, 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, 5 U.S.C. § 552, and 47 C.F.R. §§ 0.453, 0.465, and 0.463. This Court granted plaintiff leave to proceed *in forma pauperis* and plaintiff's complaint was filed on May 29, 2008. (Docs. 6, 7). By separate order that same date, pursuant to 28 U.S.C. § 1915(e)(2)(B), the District Court dismissed plaintiff's complaint in its entirety. (Doc. 8). On appeal, the Sixth Circuit affirmed the dismissal order ,except for plaintiff's claim under 42 U.S.C. § 1981, and remanded the case for further proceedings. Accordingly, the only claim remaining before this Court is plaintiff's discrimination claim brought pursuant to 42 U.S.C. § 1981.

Defendant GCF moves the Court to dismiss the claims against it pursuant to Fed. R. Civ. P. 12(b)(6). Defendant GCF contends that plaintiff's complaint fails to set forth any specific allegations against GCF and fails to set forth any facts to support a § 1981 claim against the defendant.

In response, plaintiff contends that defendant GCF's motion should be denied because GCF "willfully persisted in funding the discriminatory programs of Media Bridges" despite plaintiff's warnings, and because defendant was properly served with a summons and copy of the complaint. (Doc. 23).

When ruling on a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint liberally, in a light most favorable to the non-moving party. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir.1998). Also, the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551U.S. 93-94(2007)(citing *Bell Atl. Corp. v. Twombly*, 550 U.S.544, 555 (2007))(citations omitted). *See also, NicSand, Inc. v. 3M Co.,* 507 F.3d 442 (6th Cir.2007)(en banc)

2

(viewing a complaint "through the prism of Rule 12(b)(6) [requires] us to accept all of its allegations and all reasonable inferences from them as true"); *Mich. Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 533 (6th Cir.2002)(same). When reviewing a Rule 12(b)(6) motion to dismiss, the Court must "determine whether the plaintiff can prove a set of facts in support of [her] claims that would entitle [her] to relief." *Daubenmire v. City of Columbus*, 507 F.3d 383, 387-88 (6th Cir.2007)(quoting *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir.2001)).

More than bare assertions of legal conclusions are required to satisfy federal notice pleading requirements. *Twombly*, 550 U.S. at 555. *See also Sogevalor S.A. v. Penn Central Corp.*, 771 F. Supp. 890, 893 (S.D. Ohio 1991)(Rubin, J.). Although pro se complaints are held to less stringent standards as compared with formal pleadings drafted by attorneys, the Court is not required to fabricate allegations which are not plead. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). A complaint will not be dismissed when plaintiff fails to plead facts in support of "every arcane element of his claim," but when a complaint "omits facts that, if they existed, would clearly dominate the case," it is fair to assume that those facts do not exist. *McGregor v. Industrial Excess Landfill, Inc.*, 856 F.2d 39, 43 (6th Cir. 1988). In order to preclude dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations which comprise all of the essential, material elements necessary to sustain a claim for relief under some viable legal theory. *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 406 (6th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1981, plaintiff must allege facts in support of the following prima facie elements: (1) the plaintiff is a member of a racial minority; (2) the defendant intended to discriminate on the basis of race;

3

and (3) the discrimination concerned one or more of the activities enumerated in § 1981 (i.e, the right to make and enforce contracts; sue and be sued; give evidence, etc.). *Johnson v. Harrell*, 142 F.3d 434 (unpubl.), 1998 WL 57356, at *2 (6th Cir. Feb.2, 1998); *Burton v. Plastics Research Corp.*, 134 F. Supp.2d 881, 886 (E.D. Mich. 2001).

In the present case, plaintiff has failed to set forth any allegations concerning GCF which support a claim that GCF intended to discriminate against plaintiff on the basis of race, or that defendant GCF engaged in any conduct that concerned plaintiff's right to make or enforce contracts, or any other activity described in § 1981. Plaintiff's generalized allegation that GCF "financially supported Tom Bishop and Media Bridges" is insufficient to state a § 1981 claim against defendant GCF. Plaintiff's complaint does not contain direct or inferential allegations in support of all of the essential, material elements necessary to sustain a claim for relief under § 1981. *Lewis v. ACB Business Services, Inc.*, 135 F.3d at 406; *Twombly*, 550 U.S. at 555. Notwithstanding plaintiff's pro se status, the Court is not required to fabricate allegations which are not plead. *Estelle*, 429 U.S. at 106. For these reasons, defendant GCF's motion to dismiss should be granted.

**IT IS THEREFORE ORDERED THAT**: plaintiff's motion to amend the certificate of service (Doc. 24) is GRANTED.

**IT IS THEREFORE RECOMMENDED THAT**: Defendant GCF's motion to dismiss (doc. 21) be GRANTED.

Timothy S. Hogan
United States Magistrate Judge

4

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Amar Gueye,
    Plaintiff

vs                               Case No. 1:08-cv-334-SSB-TSH
                                   (Beckwith, Sr. J.; Hogan, M. J.)

Media Bridges, et. al.,
    Defendants

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

     Pursuant to Fed. R. Civ. P. 72(b), within fourteen (14) days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ✓ | ☑ Agent<br>☐ Addressee |
| | B. Received by (Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Amar Gueye # 104<br>799 E. McMillan<br>Cinti, OH 45206 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☑ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes | |
| 2. Article Number<br>(Transfer from service label) | 7002 3150 0000 8389 8428 | |
| PS Form 3811, August 2001 | Domestic Return Receipt | 102595-02-M-1540 |

1:08cv334 (Docs. 39+40)