UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Amar Gueye,
    Plaintiff

vs                            Case No. 1:08-cv-334-SSB-TSH
                              (Beckwith, Sr. J.; Hogan, M. J.)

Media Bridges, et. al.,
    Defendants

## REPORT AND RECOMMENDATION

This matter is before the Court on the motion to dismiss filed by defendant Federal Communications Commissioners, (FCC), (Doc. 34). The motion is unopposed. For the reasons set forth more fully below, this Court recommends that defendant FCC's motion to dismiss be granted and that it be dismissed as a party defendant from this action.

Pro se plaintiff Gueye, a resident of Cincinnati, Ohio, initiated this action with the filing of a motion for leave to proceed *in forma pauperis* and a copy of his complaint on May 14, 2008. (Doc. 1). Plaintiff brought this action against defendants Media Bridges, the Federal Communications Commissioners, the City of Cincinnati, the Greater Cincinnati Foundation, and Fifth Third Bank alleging a violation of his rights under the First Amendment, 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, 5 U.S.C. § 552, and 47 C.F.R. §§ 0.453, 0.465, and 0.463. This Court granted plaintiff leave to proceed *in forma pauperis* and plaintiff's complaint was filed on May 29, 2008. (Docs. 6, 7). By separate order that same date,

pursuant to 28 U.S.C. § 1915(e)(2)(B), the District Court dismissed plaintiff's complaint in its entirety. (Doc. 8). On appeal, the Sixth Circuit affirmed the dismissal order, except for plaintiff's claim under 42 U.S.C. § 1981, and remanded the case for further proceedings. Accordingly, the only claim remaining before this Court is plaintiff's discrimination claim brought pursuant to 42 U.S.C. § 1981.

Defendant FCC moves the Court to dismiss the claims against it pursuant to Fed. R. Civ. P. 12(b)(1) & (6). Defendant FCC contends that plaintiff's claims against it are barred by the doctrine of sovereign immunity.

In the present case, pro se plaintiff Gueye seeks an award of money damages against the defendants, including the FCC, for alleged violations of his rights under 42 U.S.C. § 1981. Plaintiff's complaint against the FCC is in effect a suit against the United States as the relief sought would in fact operate against the United States by requiring expenditure of funds from the public fisc. *See Dugan v. Rank*, 372 U.S. 609, 620 (1963); *Land v. Dollar,* 330 U.S. 731, 738 (1947); *Blakely v. United States*, 276 F.3d 853, 870 (6th Cir. 2002).

It is well settled that the United States may not be sued without its consent under the doctrine of sovereign immunity. *See United States v. Mitchell,* 445 U.S. 535, 538 (1980); *Blakely v. United States*, 276 F.3d 853, 870 (6th Cir. 2002). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will not be implied." *Lane v. Pena,* 518 U.S. 187, 192 (1996). Absent an explicit waiver of sovereign immunity by statute, suits against the government or its agents must be dismissed. *Loeffler v. Frank*, 486 U.S. 549, 554 (1988); *United States v. Mitchell*, 463 U.S. 206, 212 (1983). It is clear that § 1981 does not unequivocally express a waiver of the United State's sovereign immunity. *Norris v. Principi*, 254 F. Supp.2d 883, 889 (S.D. Ohio 2003)(Rice, J.). Indeed,

2

Section 1981(c) expressly provides that the "rights protected by this section are protected against impairment by <u>nongovernmental</u> discrimination and impairment under color of State law." *Id.* (Emphasis added). Accordingly, plaintiff's claims against defendant FCC are barred by the doctrine of sovereign immunity and should be dismissed.

**IT IS THEREFORE RECOMMENDED THAT**: Defendant FCC's motion to dismiss (Doc. 34) be GRANTED.

Timothy S. Hogan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Amar Gueye,
    Plaintiff

vs                            Case No. 1:08-cv-334-SSB-TSH
                                 (Beckwith, Sr. J.; Hogan, M. J.)

Media Bridges, et. al.,
    Defendants

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), within fourteen (14) days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☑ Agent<br>☐ Addressee | |
| | B. Received by (Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Amar Gueye # 104<br>709 E. McMillan<br>Cinti, OH 45206 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☑ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes | |
| 2. Article Number<br>(Transfer from service label) | 7002 3150 0000 8389 8428 | |
| PS Form 3811, August 2001 | Domestic Return Receipt | 102595-02-M-1540 |

1:08cv334 (Docs. 39+40)